TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Dorsey Amos

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| Dorsey Amos,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Wells Fargo Bank, N.A.; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:14-at-1292<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *ET SEQ.;*<br>**2. VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788,** *ET SEQ.*<br>**3. INVASION OF PRIVACY BY INTRUSTION UPON SECLUSION**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Dorsey Amos, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"), repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. ("RFDCPA"), and repeated invasions of Plaintiff's personal privacy.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Dorsey Amos (hereafter "Plaintiff"), is an adult individual residing in Elk Grove, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, Wells Fargo Bank, N.A. (hereafter "Wells"), is a company with an address of 101 North Phillips Avenue, Sioux Falls, South Dakota 57104, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by Wells and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Wells at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last four years, Wells began calling Plaintiff's cellular telephone by using an automated telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using an artificial or prerecorded voice.

9. Wells placed the automated calls to Plaintiff in an attempt to collect a financial obligation owed by Plaintiff to Wells (the "Debt").

10. When Plaintiff answered the automated calls from Wells, he was met with a period of silence and was required to hold the line in order to be connected to the next available customer service representative.

11. When the calls initially began, Plaintiff waited to speak with a live representative. Plaintiff advised the representative that he was experiencing financial difficulties and could not afford to pay the Debt at the time. Plaintiff further advised that he would repay the Debt as soon as his financial condition improved and told Wells to cease all further calls to his cellular telephone..

12. Despite Plaintiff's unequivocal request and explanation, Wells continued to place automated calls to Plaintiff at an excessive and harassing rate.

13. The calls caused Plaintiff a great deal of frustration and intruded on her right to be free from unwanted invasions, ultimately causing him to seek the assistance of counsel.

3

# COUNT I
# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Wells called Plaintiff on his cellular telephone using an automated telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022.  The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16. Wells' telephone systems have the earmarks of a Predictive Dialer.

17. When Plaintiff answered calls from Wells, he heard complete silence before being connected to the next available representative.

18. When Plaintiff answered the phone, he was required to say "hello" several times before Wells' phone system would connect him to the next available representative.

19. Wells' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Upon information and belief, Plaintiff never provided his cellular telephone to Wells and never provided consent to Wells to contact him with automated calls on his cellular telephone number.

21. In the event that Wells at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked consent by his demand that Wells cease all calls to him.

22. The calls from Wells to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Each of the aforementioned calls made by Wells constitutes a violation of the TCPA.

24. As a result of each of Wells' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

25. As a result of each of Wells' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

5

# COUNT II
# VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

28. Wells, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

29. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

30. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

31. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

32. The Defendants did not comply with the provisions of Title 15, § 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

33. Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

37. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

38. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

39. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

40. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

7

41. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Actual damages;

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 14, 2014          TRINETTE G. KENT

By: __/s/  *Trinette G. Kent*__
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Dorsey Amos